ABNER SAWYER *vs.* COASTERS' MUTUAL INSURANCE COMPANY.

A representation, though not intentionally false, that a vessel has arrived at her port of destination and is clear of her cargo, when in fact she is only just entering the harbor of that port, avoids a policy of insurance issued thereon.

This warranty, in a policy of insurance on a vessel, " Said vessel not allowed to carry grain in bulk across the Atlantic," is broken, if the vessel, at the time when the policy takes effect, is just entering the harbor at the end of a voyage across the Atlantic, with such a cargo.

ASSUMPSIT on a policy of insurance dated October 19th 1847, ·on the brig Sussex, for one year from the 24th of September 1847 at noon. The grounds of defence relied on were, 1st. A breach of the warranty contained in this clause on the face of the policy: " Said vessel not allowed to carry grain in bulk

across the Atlantic;" 2d. False representations of the plaintiff's agent at the time of effecting the policy.

The case was submitted to the decision of the court upon the deposition of the plaintiff's agent, and the following facts: The Sussex sailed from New York on the 21st of August 1847, with grain in bulk, bound to Ballisidore in the district of the port of Sligo, Ireland; and on the 24th and 25th of September, while passing the bar, and entering the harbor of Ballisidore, grounded and received the injuries to recover for which this action was brought.

The plaintiff's agent testified that on the 17th of September 1847 he applied to the defendants' president in Boston for insurance on the Sussex from New York to Ballisidore, with a cargo of grain in bulk; but he refused to issue a policy on the brig with her cargo on board, but said he would take her when clean of her cargo; and so things remained until the plaintiff's agent saw her arrival reported, when he renewed the application, the president asked him whether she had arrived safe and was clean of her cargo, and he replied that she had, and the policy was thereupon filled out.

*R. Choate & J. M. Bell,* for the plaintiff. 1. The clause, " not allowed to carry grain in bulk across the Atlantic," being a warranty, is to be construed literally. 1 Arnould on Ins. 581. When the policy took effect, the vessel was entering the harbor, having almost finished her voyage, and did not afterwards cross the Atlantic with grain in bulk.

2. The representation that the vessel had arrived was substantially complied with, for she had entered the harbor; and as it does not appear that it was known to be false, or that the risk was increased after arriving at the bar by the cargo of grain in bulk, or that the defendants would have refused the risk because the vessel had not cast anchor, the plaintiff is entitled to recover. 1 Arnould on Ins. 492, 520, 522, 523.

*C. W. Loring,* for the defendants. 1. On the 24th of September 1847, the vessel was carrying grain in bulk on a voyage across the Atlantic, which had not yet terminated, as she had not arrived at the wharf. *Taber* v. *Nye,* 12 Pick. 105. *Meigs*

v. *Mutual Marine Ins. Co.* 2 Cush. 439. The warranty on the face of the policy was broken by carrying grain in bulk any part of a voyage across the Atlantic. 1 Arnould on Ins. 581.

2. The misrepresentation of the plaintiff's agent, that the vessel had arrived safe and was clean of her cargo, avoided the policy. *Bryant* v. *Ocean Ins. Co.* 22 Pick. 203. 1 Arnould on Ins. 495. *Fitzherbert* v. *Mather*, 1 T. R. 12. *Kemble* v. *Bowne*, 1 Caines, 75. *Macdowall* v. *Fraser*, 1 Doug. 260.

METCALF, J. The misrepresentation of the condition of the vessel at the commencement of the risk avoids this policy. She was represented as having safely arrived at Ballisidore, and having been clean of her cargo of grain in bulk, on the 24th of September 1847. On that day, neither of these alleged facts existed. The defendants were led into error by this representation, and computed the risk on false grounds. And whenever this happens, it is immaterial, as to the underwriters' liability, whether the representation be made by the assured or by his agent, and whether it be intentionally false or false from mere mistake and misapprehension of facts. 3 Kent Com. (6th ed.) 282. Hughes on Ins. 347. 1 Phil. Ins. § 537. *Bryant* v. *Ocean Ins. Co.* 22 Pick. 203. In the present case, it is not suggested that the misrepresentation was made designedly. And we need not express an opinion upon a point about which writers differ, namely, whether in such a case the policy is avoided on the ground of constructive or legal fraud, or on the ground that a positive representation as to a material fact is as essentially a part of the contract as a warranty is, and that its substantial truth is as much a condition precedent to the insurer's liability as is the literal truth of a warranty. It is sufficient for this case that the policy is avoided by misrepresentation.

We are also of opinion that the defendants' other ground of defence is well taken, that the policy does not insure the vessel, if laden with grain in bulk, on a voyage across the Atlantic. At the time of the loss for which this action is brought, the vessel was carrying grain in bulk on such a voyage.

*Plaintiff nonsuit.*